UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Everett HOLLOWAY,

    Plaintiff,

v.

Theodore J. HUTLER, Jr., et al.,

    Defendants.

Civil No. 11-1474

**MEMORANDUM & ORDER**

THOMPSON, U.S.D.J.

    Plaintiff Everett Holloway, an inmate presently confined at the Ocean County Department of Corrections in Toms River, NJ, seeks to bring a 42 U.S.C. § 1983 claim regarding injuries to his fingers, wrist, and shoulders that he sustained tripping over an inmate improperly placed in his cell. Plaintiff claims that, because he is blind, prison officials were negligent or deliberately indifferent to the risk they created by placing three people in a one-person cell and allowing an inmate to sleep on the floor.

    Plaintiff has submitted an application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, in the form of an affidavit claiming an entitlement to redress and stating the issues that he intends to present in the action.

    A prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint. *Id.* §

1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison or institutional facility at which he was or is confined. *Id.*

Even if the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350.00 filing fee. *Id.* § 1915(b)(1). Specifically, in each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account until the $350.00 filing fee is paid. *Id.* § 1915(b)(2).

Plaintiff may not have known when he submitted his Complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the law does not permit the prisoner to get his filing fee back.

In this case, Plaintiff failed to submit a complete *in forma pauperis* application as required by 28 U.S.C. § 1915(a)(1). In particular, although Plaintiff's *in forma pauperis* application includes a six-month institutional account statement, it lacks a signed certification from an authorized officer of the correctional facility where he presently is confined, as prescribed under 28 U.S.C. § 1915(a)(2).

IT IS, therefore, on this 19th day of April, 2010,

ORDERED that Petitioner's application to proceed *in forma pauperis* [docket # 1-1] is hereby DENIED without prejudice; and it is further

ORDERED that the Clerk of the Court shall supply to Petitioner a blank form Application to Proceed *In Forma Pauperis*; and it is further

ORDERED that if Petitioner wishes to proceed he is to notify the Court in a writing addressed to the Clerk of the Court, 402 East State Street, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Petitioner's writing shall include either (1) a complete *in forma pauperis* application, including an affidavit of indigence, **and** six-month prison account statement, signed and certified by an authorized officer of the institution where he is confined, **and** an affidavit stating the issues that he intends to present, or (2) the $350 filing fee; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular U.S. mail.

                                                            */s/ Anne E. Thompson*
                                                      ANNE E. THOMPSON, U.S.D.J.